IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW MAURO, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:16-cv-0021 |
| DETECTIVE LANCE SCHNEIDER and | ) Judge Campbell |
| CITY OF MT. JULIET, TENNESSEE, | ) |
| Defendants, | ) |

**MEMORANDUM OPINION**

Plaintiff Matthew Mauro, a pretrial detainee in the custody of the Wilson County Jail in Lebanon, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against Detective Lance Schneider and the City of Mt. Juliet, Tennessee. The complaint (ECF No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.  Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.  Factual Allegations**

The plaintiff alleges that on August 20, 2015, Detective Lance Schneider presented an indictment to the Wilson County Grand Jury and that he

> knowingly and willingly committed perjury by obstruction of justice by providing false information to receive a "true bill" with malicious intent. Det. Lance Schneider knew the evidence that he was presenting was false . . . . Basically, Det. Lance Schneider presented to the Grand Jury that I committed "criminal simulation" by depos[i]ting forged checks into my own bank account to receive monies fraudul[e]ntly. When in real[ity] Det. Lance Schneider knew the checks were genuin[e].

(Complaint, ECF No. 1, at 2–3.) In other words, the plaintiff alleges that the defendant perjured himself before

the grand jury by knowingly presenting false testimony.

The plaintiff sues Detective Lance Schneider in his official and individual capacity. The plaintiff also names the City of Mt. Juliet, Tennessee as a defendant. He seeks to hold the City of Mt. Juliet liable on the basis that the "Wilson County, Mt. Juliet Police Department knew of [Schneider's] intentions to commit perjury by obstructing justice with the malicious intent." (*Id.* at 4.)

The plaintiff seeks relief in the form of an injunction terminating Schneider's employment with the Mt. Juliet Police Department and damages in the amount of $20,000,000.

## III. Discussion

The plaintiff's complaint is brought under 42 U.S.C. § 1983 for violation of his constitutional rights. Generally, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

"Despite the broad terms of § 1983," the Supreme Court has held unequivocally that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1502, 1506 (2012) (citations omitted). This absolute immunity extends to a "detective or case agent who has performed or supervised most of the investigative work in a case" and who "may very much want the grand jury to return an indictment." *Id.* at 1507. Because it is apparent that the sole basis for the claims against Schneider is his allegedly false testimony before the grand jury, the claims are subject to dismissal on the grounds of absolute immunity.

The plaintiff also sues Schneider in his official capacity and the City of Mt. Juliet. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, suing Schneider in his official capacity is the equivalent of suing the City of Mt. Juliet, his employer. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). The Court therefore considers the official-capacity claim and the claim against the City as one claim.

The city, as a municipal entity, may be subject to liability under 42 U.S.C. § 1983 "only (1) when

execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, and (2) when there is an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Thus, to establish liability on the part of the city, the plaintiff must show that the city's official policies or customs (or lack thereof) were a "moving force" behind the deprivation of his rights and arose as a result of "deliberate indifference" to his rights. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996).

For purposes of the initial review, in order to state a claim under § 1983 for municipal liability, a plaintiff must at a minimum identify the municipal policy or custom that caused his injury. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). In addition, the plaintiff must be able to show "a direct causal link between the municipal action and the deprivation of federal rights." *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

The plaintiff here does not allege that the City of Mt. Juliet has a policy of encouraging or allowing police officers to offer false testimony before grand juries, or that the city police department lacks a policy of prohibiting criminal behavior by its officers. Instead, the plaintiff simply alleges that the city somehow knew that Schneider intended to perjure himself before the grand jury. He does not allege that Schneider was acting pursuant to a policy or custom of Mt. Juliet or the Mt. Juliet Police Department. The Court therefore finds that the complaint fails to state a claim against the City of Mt. Juliet or, consequently, against Detective Schneider in his official capacity. These claims are subject to dismissal for failure to state a claim under 42 U.S.C. § 1983 for which relief may be granted.

**IV.    Conclusion**

The complaint will be dismissed in its entirety for the reasons set forth herein. An appropriate order is filed herewith.

Todd Campbell
United States District Judge